IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON DESHIELDS,   Petitioner | : : : | CIVIL ACTION |
| v. | : : | |
| LAUREL HARRY, et al.,   Respondents | : : | NO.  15-5755 |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                                                        May 2, 2016

Presently before this court is a petition for writ of habeas corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner.  Petitioner Brandon DeShields is currently incarcerated at State Correctional Institution ("SCI") Camp Hill in Pennsylvania, where he is serving an aggregate term of seven (7) to nine (9) years' incarceration for possession of a controlled substance with intent to deliver.  For the reasons that follow, it is recommended that Mr. DeShields's habeas petition be denied and dismissed without an evidentiary hearing.

**BACKGROUND[1]**

On July 17, 2013, before the Honorable William P. Mahon of the Court of Common Pleas of Chester County, petitioner entered guilty pleas on six counts of possession of a controlled substance with intent to deliver.  Commonwealth's Response (paper no. 4), at 6.[2]  Judge Mahon sentenced petitioner to a term of five (5) years on one count, a consecutive term of two (2) to four (4) years on another count, and concurrent terms of two (2) to four (4) years on the remaining counts.  *Id.* at 6-7.  Petitioner was represented by counsel at his plea and sentencing.  On July 29, 2013, counsel filed a post-sentence motion on petitioner's behalf to withdraw his guilty pleas.  Petitioner alleged that, based on a miscommunication

---

1        In preparing this Report and Recommendation, I have reviewed the following documents: Mr. DeShields's petition for writ of habeas corpus (paper no. 1); the Commonwealth's response with attached exhibits (paper no. 4); Mr. DeShields's amended petition (paper no. 8) and second amended petition (paper no. 11); and the state court records.

2        The page numbers cited in this Report and Recommendation refer to the numbers assigned by our Clerk's Office and are found at the top of each page.

with his counsel, he believed that he had agreed to a plea deal for an "aggregated sentence of a minimum of five years incarceration." State Court Records, July 29, 2013 Post-Sentence Motion, at 1. Accordingly, petitioner argued his pleas were entered unknowingly and should be withdrawn. *Id.*

Petitioner thereafter retained new counsel. Commonwealth's Response, at 7. On November 25, 2013, at the post-sentence motion hearing before Judge Mahon, petitioner withdrew his motion. *Id.* On December 24, 2013, petitioner filed a *pro se* direct appeal to the Superior Court of Pennsylvania and petitioner's counsel was subsequently permitted to withdraw. However, on March 20, 2014, petitioner discontinued his *pro se* direct appeal. Commonwealth's Response, Appendix "F."

On April 14, 2014, petitioner filed a timely *pro se* petition for collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.CS. §9541, *et. seq.* On April 16, 2014, the PCRA court appointed counsel to represent petitioner; however, on May 28, 2014, counsel filed a no-merit letter and petitioned to withdraw as counsel.[3] On June 5, 2014, the PCRA court, pursuant to Pa.R.Crim.P. 907, issued a notice of its intent to dismiss Mr. DeShields's PCRA petition without a hearing. Commonwealth's Response, at 8. Petitioner filed a *pro se* response in opposition on June 23, 2014. On July 17, 2014, the PCRA court dismissed the petition and permitted PCRA counsel to withdraw. *Id.*

On August 11, 2014, petitioner filed a timely *pro se* appeal to the Superior Court and filed a supporting brief on November 5, 2014. Commonwealth's Response, Appendix "H." The Commonwealth filed a brief in opposition with the Superior Court on December 3, 2014. Commonwealth's Response, Appendix "I." Then, on January 20, 2015, petitioner filed an application to discontinue the appeal. Commonwealth's Response, Appendix "J." On March 3, 2015, the Superior Court entered an order discontinuing petitioner's appeal. Commonwealth's Response, Appendix "K."

Mr. DeShields filed the instant *pro se* habeas petition on October 18, 2015.[4] He raised one claim

---

3    *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).
4    Petitioner dated his habeas petition October 18, 2015, although it was docketed as filed on October 22, 2015 (paper no. 1). "A pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 113 (3d

for habeas relief, arguing that the trial court erred when it failed to suppress evidence that was collected from petitioner's home pursuant to an allegedly deficient search warrant in violation of the Fourth Amendment. Habeas Petition (paper no. 1), at 8, 20. On December 1, 2015, the Commonwealth filed a response to Mr. DeShields's habeas petition, arguing that he is not entitled to relief because his claim is procedurally defaulted. Commonwealth's Response, at 9-10.

On December 13, 2015, without leave of court but within twenty-one (21) days after service of the Commonwealth's responsive pleading[5], petitioner filed amendments to his habeas petition; he attempted to raise new claims alleging ineffective assistance of both trial counsel and PCRA counsel and alleging that his sentence is illegal. Amended Habeas Petition (paper no. 8), at 1-3. Petitioner also moved for an extension of time to file a reply brief to the Commonwealth's response. Petitioner's Motion (paper no. 9). The court granted this motion on January 5, 2016, permitting petitioner to file a reply brief on or before February 8, 2016. Court's Order (paper no. 10). On January 28, 2016, petitioner filed a second amended petition that combined the single claim from his original petition with the three new claims he raised in his December 13, 2015 amended petition. Second Amended Habeas Petition (paper no. 11).

## DISCUSSION

### A. Exhaustion and Procedural Default

The exhaustion rule, codified in 28 U.S.C. §2254,[6] provides that a habeas petitioner must have

---

Cir. 1998).
5   *See* Fed.R.Civ.P. 15(a)(1)(B).
6   The exhaustion requirements of 28 U.S.C. §2254 provide:
   (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
      (A) the applicant has exhausted the remedies available in the courts of the State: or
      (B)(i) there is an absence of available State corrective process, or
         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
   (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
   (3) A State shall not be deemed to have waived the exhaustion requirement or be

"exhausted the remedies available in the courts of the State" for all constitutional claims before a federal court shall have habeas corpus jurisdiction. *See Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (citations omitted). There are rare circumstances that circumvent this requirement, none of which apply to the case at hand. To exhaust all remedies for a claim under 28 U.S.C. §2254, the habeas petitioner must give the state courts a full and fair opportunity to resolve all federal constitutional claims. *See Stevens v. Delaware Corr. Ctr.,* 295 F.3d 361, 369 (3d Cir. 2002); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). An unexhausted habeas claim becomes procedurally defaulted when the petitioner has no additional state remedies available to pursue the issue. *See Wenger v. Frank*. 266 F.3d 218, 223-224 (3d Cir. 2001), *cert. denied*, 122 S.Ct. 1364 (2002) (when a claim has not been fairly presented to the state courts, but further state court review is clearly foreclosed under state law, the claim is procedurally defaulted and may be entertained in a federal habeas petition only if there is a basis for excusing the default).

In order for Mr. DeShields to have given the state courts a full and fair opportunity to resolve his habeas claims, he must have presented both the factual and legal substance in the state courts through the highest tribunal, the Pennsylvania Superior Court.[7] The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of the state judicial proceedings. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Castille*, 489 U.S. at 349 (1989). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims to all levels of the state judicial system. See *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002) (*quoting Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed*, 506 U.S. 1089 (1993)) ("[b]oth the legal theory and the facts

---

        estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

7    Seeking *allocatur* by the Pennsylvania Supreme Court is not part of the standard appeals process. *See* Pennsylvania Supreme Court *Order No. 218* (May 2000); *see also Mattis v. Vaughn*, 128 F.Supp.2d 249, 261 (E.D.Pa. 2001); *Lambert v. Blackwell*, 387 F.3d 210, 233-234 (3d Cir. 2004).

underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available in the state court as will be employed in the federal court").

As stated above, petitioner filed a post-sentence motion for reconsideration after entering his guilty pleas, but he subsequently withdrew that motion. He then filed a *pro se* direct appeal with the Superior Court but ultimately discontinued that appeal on March 20, 2014. Petitioner then filed a *pro se* PCRA petition, which was eventually dismissed by the PCRA court without a hearing. Petitioner filed a *pro se* appeal with the Superior Court but, as he had done on direct appeal, petitioner ultimately filed a Praecipe/Motion for Discontinuance. The Superior Court entered an order confirming the discontinuance of petitioner's PCRA appeal on March 3, 2015. Commonwealth's Response, Appendix "K."

Based on this review of the record, it is apparent that Mr. DeShields has not given the state courts a full and fair opportunity to resolve his habeas claims. He did not present both the factual and legal substance of his pending federal claims in the state courts through the highest tribunal because, on both direct appeal and collateral review, petitioner discontinued the appellate process before the Superior Court was given a full and fair opportunity to resolve these claims. As such, these claims are unexhausted and this court lacks jurisdiction to review them.

The PCRA's jurisdictional one-year statute of limitations (which also bars successive petitions not filed within the same one-year period), 42 Pa.C.S. §9545(b)(1), prevents petitioner from returning to state court to file another PCRA petition. This deadline is an adequate and independent state ground that precludes habeas review. "It is now clear that this one-year limitation is a jurisdictional rule that precludes consideration of the merits of any untimely PCRA petition, and it is strictly enforced in all cases, including death penalty appeals." *Whitney v. Horn*, 280 F.3d 240, 251 (3d Cir. 2002). Accordingly, petitioner's unexhausted claims are procedurally defaulted.

Procedural default may be excused, however, when a petitioner demonstrates either good cause for failure to present the claim and actual prejudice resulting therefrom, or that failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749 (1991). Here, petitioner advances no argument to excuse the procedural default of his claims. He does

5

not attempt to establish cause[8] or prejudice, and he does not offer an argument that failure to consider his claims will result in a fundamental miscarriage of justice.

Setting aside the issue of exhaustion and procedural default, the court also notes that petitioner's Fourth Amendment claim is not cognizable on habeas review pursuant to *Stone v. Powell*, 428 U.S. 465 (1976). Petitioner's sole claim in his original habeas petition alleged violations of the Fourth Amendment where a purportedly defective search warrant was used to seize evidence that he argues should have been suppressed by the trial court. In *Stone*, the U.S. Supreme Court held that "where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494.

To overcome this bar, a petitioner must demonstrate that he did not have a full and fair opportunity to litigate a Fourth Amendment claim because a structural defect in the state system prevented his claim from being heard. *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002). A petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure. *See U.S. ex. rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978); *Petillo v. New Jersey*, 562 F.2d 903, 906-907 (3d Cir. 1977). Accordingly, so long as a criminal defendant has had the opportunity to litigate the suppression issue on the merits and present the issue to the state appellate courts, the merits of the issue may not be considered by federal courts on habeas review.

Here, Mr. DeShields filed a counseled pretrial motion to suppress the evidence now challenged on habeas review. The trial court held a hearing on the motion on May 1, 2013 and, on July 8, 2013, denied the motion on the merits. State Court Records, Order, *Commonwealth v. DeShields*, CR-2186-2012 (Pa. Ct. Com. Pl. July 8, 2013). Although petitioner was afforded the opportunity to raise this issue

---

8   Although petitioner raises claims of trial counsel and PCRA counsel ineffectiveness in his Amended Habeas Petition (paper no. 8), he does not attempt to establish that PCRA counsel ineffectiveness should serve as cause to excuse the procedural default of his claims, as authorized by *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

again on direct appeal before the Superior Court, he discontinued his appeal before the appellate court could review it on the merits. Therefore, this court would be barred from considering the merits of petitioner's pending Fourth Amendment habeas claim even in the absence of exhaustion concerns.

### C. Conclusion

Based on my review of the record, I find that petitioner's habeas claims are unreviewable as they are unexhausted and procedurally defaulted. Petitioner has not met his burden to excuse the procedural default of his claims. Under AEDPA, this finding ends federal review. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Reasonable jurists would not debate this court's procedural disposition of petitioner's claims, and I find that a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, I make the following recommendation.

## RECOMMENDATION

Consistent with the above discussion, it is recommended that petitioner's habeas petition, filed under 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING. It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.

Petitioner may file objections to this Report and Recommendation. *See* Local R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

S/M. FAITH ANGELL_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

By e-mail to:   The Honorable Edward G. Smith
                Nicholas J. Casenta, Jr., Esq.          ncasenta@chesco.org

By mail to:     Brandon DeShields
                LD-4486
                SCI Camp Hill
                P.O. Box 200
                Camp Hill, PA 17001