IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON DESHIELDS, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 15-5755 |
| | : | |
| v. | : | |
| | : | |
| LAUREL HARRY, THE DISTRICT ATTORNEY OF THE COUNTY OF CHESTER, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 26th day of May, 2016, after considering the petition for a writ of habeas corpus filed by the petitioner (Doc. No. 1), the response to the petition filed by the government (Doc. No. 4), and the petitioner's amendments to his original petition (Doc. Nos. 8, 11); and after considering the state-court record; and after considering the report and recommendation filed by United States Magistrate Judge M. Faith Angell (Doc. No. 12); and after considering the motion for a stay and abeyance filed by the petitioner (Doc. No. 14); accordingly, it is hereby **ORDERED** as follows:

    1.    The clerk of court is **DIRECTED** to return this matter to the court's active docket;

    2.    The report and recommendation (Doc. No. 12) is **APPROVED** and **ADOPTED**;[1]

    3.    The motion for a stay and abeyance (Doc. No. 14) is **DENIED**;

    4.    The petition for a writ of habeas corpus, as amended, (Doc. Nos. 1, 8, 11) is **DENIED**;

    5.    A certificate of appealability **SHALL NOT** issue; and

6. The clerk of court is **DIRECTED** to mark this matter as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] After reviewing both the parties' submissions and the state-court record, Magistrate Judge Angell issued a report and recommendation, in which she recommends that the undersigned deny the instant petition for a writ of habeas corpus primarily on the grounds of lack of exhaustion and procedural default. *See* R. & R. at 3-7, Doc. No. 12. Instead of filing objections to the report and recommendation, the petitioner filed a motion for a stay and abeyance on May 20, 2016. *See* Mot., Doc. No. 14. In that motion, the petitioner "avers that his claims were not properly exhausted" and requests that the court hold his petition in abeyance so that he can return to state court and "properly exhaust his claims." *Id.* at 1, 4. He contends that he did not exhaust his claims due to both his ignorance of the law and the conduct of his post-conviction counsel on direct appeal. *See id.* at 1, 3.

"Stay and abey is available even when a petitioner has exhausted none of the claims in his petition." *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) (citation omitted). "In determining whether a stay should be granted, a [c]ourt must consider three main factors: a showing of good cause, the presence of potentially meritorious claims, and the presence or absence of intentionally dilatory tactics." *Id.* (citation omitted).

In her report and recommendation, Magistrate Judge Angell noted that the statute of limitations applicable to PCRA petitions bars "petitioner from returning to state court to file another PCRA petition." R. & R. at 5. Unfortunately, the petitioner does not at all explain how he intends to present his claims to the state-court system given this limitations issue. Nor does he grapple with the subsidiary fact that his Fourth Amendment claim may not even be cognizable on federal habeas review. As a result, the petitioner, as the moving party, has failed to carry his burden in showing that a stay is warranted in this matter. And this is so despite granting the petitioner's submissions all of the deference owing to *pro se* litigants. In short, and given the present state of affairs, it is difficult to understand how a stay would not be futile. The court accordingly denies his motion for a stay and abeyance and adopts the report and recommendation in ultimately denying his petition.